# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:11-00203-01

RAFAEL CEE-ERWIN SOLOMON

## Memorandum Opinion and Order

Currently before the Court is Defendant Rafael Solomon's Motion to Suppress Evidence and Dismiss and/or Evidentiary Hearing Pursuant to Franks v. Delaware. ECF No. 93. At the conclusion of the hearing held on this motion, the Court ordered the submission of supplemental briefing on whether the defendant had Fourth Amendment "standing" to challenge the vehicle search in this case. Having received and considered the supplemental briefing, the Court **DENIES** the motion for the reasons set forth below.

## Background

The Defendant first came to the attention of the Huntington Violent Crimes/ Drug Task Force ("HVC/DTV") as early as November 2009 through confidential informants who indicated that he was responsible for having large quantities of crack cocaine and oxycontin pills transported to Huntington, WV from Michigan. On July 17, 2011, members of the HVC/DTV were conducting surveillance of the Defendant and co-defendant Shawna Lee. Both suspects were being driven by Lee in her vehicle, where Defendant Solomon was riding in the passenger seat. HVC/DTV investigators determined that there was an outstanding Cabell County Capias warrant for the arrest of Defendant Solomon and radioed for Huntington Police Department patrol to stop the vehicle.

HPD officer Howard stopped the vehicle, and officer Neild arrived shortly thereafter to assist. At some point early in the stop, the defendants advised HPD that the capias warrant had been dismissed. According to the HPD incident report, officer Howard radioed the Cabell County Emergency Response Center ("CCERC") to confirm the existence of the warrant. The Defendant and Ms. Lee were ordered out of the car and a custodial search of the Defendant produced $3,450.00 from his pants pocket. At approximately the same time, a K-9 unit arrived and the dog indicated the presence of narcotics in the vehicle. Based on the dog's indication, HPD searched the vehicle, found drugs in Lee's purse, and took both defendants into custody. Only after both defendants were taken into custody did officer Howard ask the CCERC to confirm the capias warrant with the Cabell County Magistrate Clerk, who advised that the warrant had in fact been dismissed.

Once in custody, Ms. Lee told the investigators that the Defendant was a crack, heroin, and pill dealer. She stated that there were scales at her apartment along with money and a gun, and that the Defendant typically kept drugs and the gun under the couch. Based on these statements, along with tips from confidential informants, HVC/DTV obtained a search warrant for Ms. Lee's apartment where they found cocaine powder, crack cocaine, oxymorphone, oxycodone, $9,000, and a loaded, stolen handgun. Defendant has moved to suppress the evidence found in Ms. Lee's apartment as the fruit of an unconstitutional search.

## Discussion

At the heart of Defendant's motion is his challenge to the search of the vehicle, owned by co-defendant Shawna Lee, in which he was a passenger when they both were arrested. There is no dispute that automobile passengers may challenge the validity of an initial stop, *Brendlin v. California*, 551 U.S. 249, 259 (2007) ("[A] passenger may bring a Fourth Amendment challenge to

the legality of a traffic stop."). Here, the vehicle was stopped based on a capias warrant for the Defendant that had been dismissed but not removed from the CCERC computer system. Unfortunately for the Defendant, the exclusionary rule does apply to a police officer's good faith belief in the existence of a warrant. *Herring v. United States*, 555 U.S. 135, 142 (2009) (citing *United States v. Leon*, 468 U.S. 897 (1984) (recognizing good faith exception to the exclusionary rule)). After hearing evidence and argument, the Court determined that the arresting officer acted in good faith reliance on the existence of an arrest warrant and that there was no indication of reckless or intentional wrongdoing. Accordingly, the Court orally denied Defendant's challenge to the initial stop.

The Court deferred ruling on whether the defendant can properly challenge the vehicle search that followed the legitimate stop. Having considered the supplemental briefing submitted by the parties, the Court concludes that he cannot. In order to claim the protection of the Fourth Amendment, the person objecting to the search must be able to claim a legitimate expectation of privacy in the invaded place. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978) (citing *Katz v. United States*, 389 U.S. 347 (1967)). Privacy expectations in vehicles are diminished compared to private residences, and it is well established that vehicle passengers cannot "assert the protection of the Fourth Amendment against the seizure of incriminating evidence from a vehicle where they owned neither the vehicle nor the evidence." *Minnesota v. Carter*, 525 U.S. 83, 87–88 (1998) (discussing *Rakas v. Illinois*, 439 U.S. 128 (1978)). It is undisputed that the defendant was neither the owner nor the driver of the vehicle, and he claims no possessory interest in the evidence seized, which was found inside the vehicle in Ms. Lee's purse.

The cases cited by the defendant do not lead to the opposite conclusion. Counsel is correct that a defendant "may have a legitimate expectation of privacy in another's car if the defendant is in possession of the car, has the permission of the owner, holds a key to the car, and has the right and ability to exclude others, except the owner, from the car." *United States v. Thomas*, 447 F.3d 1191, 1198 (9th Cir. 2006). None of those factors are present in this case. Plaintiff's reliance on *Wyoming v. Houghton*, 526 U.S. 295 (1999) is similarly misplaced. The passenger in that case challenged the search of her own purse; there was little question that she had an expectation of privacy in her own belongings. *Id*. at 303. The only applicability of *Wyoming v. Houghton* to this case is that the police, in the course of a lawful search, could have searched the purse even if it belonged to the defendant or another passenger. *Id*. at 301 (If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and the contents of all containers within the vehicle, without regard to ownership.)

Assuming, *arguendo*, that the defendant did have standing to challenge the search, the Court concludes that the search was justified. At the hearing on this motion, the arresting officer testified that the K-9 unit arrived while the officer was arresting the defendant. The dog then indicated the presence of contraband in the vehicle, which provided probable cause for the police to execute a warrantless search of the vehicle. In *Illinois v. Caballes*, 543 U.S. 405 (2005), the Supreme Court held that "a dog sniff conducted during a concededly legal traffic stop . . . does not violate the Fourth Amendment." *Id*. at 410. The stop in this case was for the execution of an arrest warrant, and the testimony showed that there was no unreasonable delay between the arrest and the sniff. On the contrary, the arresting officer testified that the K-9 unit arrived while the officer was in the process

of arresting the defendant. Thus, even if the defendant could challenge the vehicle search under the Fourth Amendment, which he cannot, his challenge would fail.

Alternatively, Defendant challenges the validity of the search warrant[1] and requests that the Court schedule a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). *Franks* requires that:

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Id*. at 155–56. First, Mr. Solomon asks the Court to strike the reference to Ms. Lee's statement from the warrant affidavit because, he contends, her statement is the fruit of an unlawful search of Ms. Lee's vehicle. *See United States v. Gillenwaters*, 890 F.2d 679, 681–82 (4th Cir. 1989) (information illegally obtained must be excised from warrant affidavit)(internal citations omitted). Having concluded that there was no illegality in the search, it follows that Ms. Lee's statement will not be excised from the warrant.

Next, the Defendant challenges the affidavit's omission of his arrest on the mistaken capias warrant. With regard to omissions from a warrant affidavit:

> *Franks* protects against omissions that are *designed to mislead*, or that are made in *reckless disregard of whether they would mislead*, the magistrate. To obtain a *Franks* hearing the defendant must show that the omission is the product of a deliberate falsehood or of reckless disregard for the truth. Mere negligence in recording the facts relevant to a probable-cause determination is not enough.

---

[1] The Court will assume for the purpose of this decision that the defendant had a reasonable expectation of privacy in the apartment.

*United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990) (internal citations omitted) (emphasis in original). Upon a review of Defendant's motion and the search warrant affidavit, it is clear that Defendant is not entitled to a *Franks* hearing. Admittedly, the affidavit states that Solomon and Lee were arrested pursuant to a "traffic stop," and omits that the defendant was arrested on a mistake over an arrest warrant and that Lee was arrested for drug possession. Thus, while the affidavit may have misinformed the Magistrate, it did so by understating the seriousness of the circumstances of their arrests. This omission was not designed to mislead, nor was it made with reckless disregard of whether it would mislead, the magistrate.

**Conclusion**

For these reasons, Defendant's Motion (ECF No. 93) is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 15, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE